IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROVER GROUP, INC., and<br>THE SECURITY CENTER, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>TYCO INTERNATIONAL, LTD.,<br>TYCO INTEGRATED SECURITY, LLC,<br>THE ADT CORPORATION<br>ADT SECURITY SERVICES, INC.<br>3VR, INC.,<br>3VR SECURITY, INC., and<br>MARCH NETWORKS CORPORATION<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:13-cv-0052<br>JURY DEMAND |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Trover Group, Inc., and The Security Center, Inc., (collectively "Plaintiffs" or "Security Center") file this, their Original Complaint for patent infringement. Plaintiffs assert a claim for patent infringement of U.S. Patent Nos. 5,751,345 ("the '345 Patent") and 5,751,346 ("the '346 Patent"), copies of which are attached to hereto as Exhibits "A" and "B" against Defendants Tyco International, Ltd., Tyco Integrated Security, LLC, The ADT Corporation, ADT Security Services, Inc., 3VR, Inc., 3VR Security, Inc., and March Networks Corporation under 35 U.S.C. § 271, *et seq*. In support thereof, Plaintiffs Trover Group, Inc. and Security Center, Inc. would respectfully show the Court the following:

**PARTIES**

1. Plaintiff Trover Group, Inc. ("Trover") is a Texas corporation with its principal place of business located at 101 East Park Blvd., Suite 600, Plano, Texas 75074. Trover was formerly known as Dozier Financial Corporation.

2. Plaintiff The Security Center, Inc. ("Security Center") is a Texas corporation with its principal place of business located at 10750 Forest Lane, Dallas, Texas 75243. Plaintiffs Security Center and Trover are sister corporations.

3. Defendant Tyco International, Ltd. ("Tyco International") is a Swiss corporation with its principal place of business located at Freier Platz 10, CH-8200 Schaffhausen, Switzerland. Tyco International may be served with process pursuant to Article 3 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").

4. Defendant Tyco Integrated Security, LLC ("Tyco Security) is a subsidiary of Tyco International. (Collectively, Tyco International and Tyco Security are referred to herein as "Tyco.") Tyco Security is a Delaware limited liability company with its principal place of business located at 1501 Yamato Road, Boca Raton, Florida 33431. Tyco Security does business in the State of Texas and within the Eastern District of Texas, and maintains a registered agent in Texas. Tyco Security may be served through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

5. Defendant The ADT Corporation ("ADT Corp.") is a Delaware corporation, with its principal place of business located at the same address as Tyco Security's, that being 1501 Yamato Road, Boca Raton, Florida 33431. ADT Corp. conducts business in the State of Texas and within the Eastern District of Texas. ADT Corp. does not maintain registered agent for

service of process in Texas or a regular place of business in Texas, and this lawsuit arises in whole or in part from its business in Texas. ADT Corp.'s agent for service is the Texas Secretary of State under the Texas Long Arm Statute.

6. Defendant ADT Security Services, Inc. ("ADT Security") is a subsidiary of ADT Corp. (Collectively, ADT Corp. and ADT Security are referred to herein as "ADT.") ADT Security is a Delaware corporation, with its principal place of business located at the same address as Tyco Security's and ADT Corp.'s, that being 1501 Yamato Road, Boca Raton, Florida 33431. ADT Security does business in the State of Texas and within the Eastern District of Texas, and maintains a registered agent in Texas. ADT Security may be served through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

7. Defendant 3VR, Inc. ("3VR Inc.") is a California corporation, with its principal place of business located at 475 Brannan Street, Suite 430, San Francisco, California 94107. 3VR Inc. conducts business in the State of Texas and within the Eastern District of Texas. 3VR Inc. does not maintain registered agent for service of process in Texas or a regular place of business in Texas, and this lawsuit arises in whole or in part from its business in Texas. 3VR Inc.'s agent for service is the Texas Secretary of State under the Texas Long Arm Statute.

8. Defendant 3VR Security, Inc. ("3VR Security") is a California corporation, with its principal place of business located at 475 Brannan Street, Suite 430, San Francisco, California 94107. (Collectively, 3VR Inc. and 3VR Security, Inc. are referred to herein as 3VR). 3VR Security does business in the State of Texas and within the Eastern District of Texas, and maintains a registered agent in Texas. 3VR Security may be served through its registered agent,

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9. Defendant March Networks Corporation ("March Networks") is a Canadian corporation with its principal place of business located at 303 Terry Fox Drive, Ottawa, Ontario, Canada K2K 3J1. March Networks may be served with process pursuant to Article 3 of the Hague Convention.

**JURISDICTION AND VENUE**

10. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§1338(a) and 2201.

11. This Court has personal jurisdiction over Defendant Tyco International. Tyco International conducts business within the State of Texas. Tyco International, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. Tyco International has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. Tyco International has committed the tort of patent infringement within the State of Texas and this District.

12. This Court has personal jurisdiction over Defendant Tyco Security. Tyco Security conducts business within the State of Texas. Tyco Security, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. Tyco Security has purposefully and voluntarily placed infringing products in the

stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. Tyco Security has committed the tort of patent infringement within the State of Texas and this District. Tyco Security maintains a registered agent in Texas.

13. This Court has personal jurisdiction over Defendant ADT Corp. ADT Corp. conducts business within the State of Texas. ADT Corp., directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. ADT Corp. has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. ADT Corp. has committed the tort of patent infringement within the State of Texas and this District.

14. This Court has personal jurisdiction over Defendant ADT Security. ADT Security conducts business within the State of Texas. ADT Security, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. ADT Security has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. ADT Security has committed the tort of patent infringement within the State of Texas and this District. ADT Security maintains a registered agent in Texas.

15. This Court has personal jurisdiction over Defendant 3VR Inc. Defendant 3VR Inc. conducts business within the State of Texas. 3VR Inc., directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas.

3VR Inc. has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. 3VR Inc. has committed the tort of patent infringement within the State of Texas and this District.

16. This Court has personal jurisdiction over Defendant 3VR Security. 3VR Security conducts business within the State of Texas. 3VR Security, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. 3VR Security has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. 3VR Security has committed the tort of patent infringement within the State of Texas and this District. 3VR Security maintains a registered agent in the State of Texas.

17. This Court has personal jurisdiction over Defendant March Networks. Defendant March Networks conducts business within the State of Texas. March Networks, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Eastern District of Texas. March Networks has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas. March Networks has committed the tort of patent infringement within the State of Texas and this District.

18. At various times relevant to this action, Tyco owned ADT, which in turn sold infringing products manufactured and/or sold by March Networks and 3VR. The relief sought herein, at least in part, is asserted against the parties jointly, severally, or in the alternative with

respect to or arising out of a series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of the same accused products or processes, and questions of fact common to all defendants will arise in this action.

19. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) and 1400.

**PATENT INFRINGEMENT**

20. On May 12, 1998, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 5,751,345 ("the '345 Patent"), entitled "Image Retention and Information Security System," after full and fair examination (*see* Exhibit A). The '345 Patent relates generally to video monitoring systems, and in particular to such systems that store and retrieve images by use of computer equipment and digital storage.

21. On the same date, the PTO also issued U.S. Patent No. 5,751,346 ("the '346 Patent"), entitled "Image Retention and Information Security System," after it too had received a full and fair examination (*see* Exhibit B). The '346 Patent relates generally to video monitoring systems, and in particular to such systems that store and retrieve images by use of computer equipment and digital storage.

22. The '345 Patent includes three independent claims and six dependent claims, and the '346 Patent contains five independent and two dependent claims.

23. The '345 and the '346 Patents were originally assigned to Dozier Financial Corporation, a company owned and controlled by Charles Dozier, one of the named inventors of both patents, and his family. Plaintiff Trover, which is also owned and controlled by Dozier and his family, is the successor-in-interest to Dozier Financial Corporation and is the assignee of all rights, title and interest in and to the '345 Patent and the '346 Patent and possesses all rights of

recovery under the ‘346 Patent. Plaintiff Security Center is also a business owned and controlled by Dozier and his family that has been granted an exclusive license of the ‘345 Patent and the ‘346 Patent from Trover. Security Center manufactures and sells the IRIS DVS and IRIS Total Vision products, which are commercial embodiments of the ‘345 and ‘346 Patents. As the exclusive licensee of the ‘345 Patent and the ‘346 Patent, Security Center has the right to enforce each patent and to recover all damages available under law. Security Center also has the right to seek injunctive relief with respect to the ‘345 Patent and the ‘346 Patent.

24. Beginning in 2006, Trover enforced the ‘345 and ‘346 Patents against two infringers, Diebold Corporation and Verint Systems, Inc. by bringing separate actions for patent infringement in the United States District Court for the Eastern District of Texas, Marshall Division in Case Nos. 2:06-cv-445-TJW-CE and 2:06-cv-532-TJW-CE. The Court held a claim construction hearing and issued a claim construction order in the Diebold case. Both cases settled, with the defendants taking licenses of the ‘345 and the ‘346 Patents.[1]

**Infringers of the ‘345 and ‘346 Patents**

25. In 1997, Tyco International Ltd. (“Tyco”) was formed through the merger of two entities – ADT Limited and Tyco International. Among the commercial enterprises in which Tyco has engaged has been the manufacture and sale of digital video recording security equipment. Over the years, Tyco has carried out its security and video recording business operations and activities under various brand names including, but not limited to American Dynamics, Simplex Grinnell and Software House. In addition, Tyco owned ADT as a subsidiary. ADT also sold, installed and serviced video security systems for customers in the residential, commercial, educational and governmental markets. One of the video security

[1] Additionally Trover filed suit against Regions Bank in Case No. 2:07-cv-00547. This case was settled as part of the overall settlement with Diebold.

systems that ADT Security Services, Inc. sold to customers was a system manufactured by Comtrak Technologies, LLC. ADT and Comtrak worked together jointly to sell Comtrak manufactured video security equipment under certain brand names and/or trademarks owned by ADT, including but not limited to ADT's "SecurVision7" trademark. In addition, ADT and/or other subsidiaries or divisions of Tyco International have sold, installed and/or serviced video security systems manufactured by other vendors, including March Networks and 3VR. In 2012, Tyco International spun off ADT, which became an independent company now known as ADT Corporation. Following its spin-off of ADT, Tyco has continued to sell security systems that include digital video recorders for recording and storing security-related video and images. Presently, Tyco's primary business segments include:

- *North America Systems Installation & Services ("NA Installation & Services")* designs, sells, installs, services and monitors electronic security systems and fire detection and suppression systems for commercial, industrial, retail, institutional and governmental customers in North America.
- *Rest of World ("ROW") Systems Installation & Services ("ROW Installation & Services")* designs, sells, installs, services and monitors electronic security systems and fire detection and suppression systems for commercial, industrial, retail, residential, small business, institutional and governmental customers in the ROW regions.
- *Global Products* designs, manufactures and sells fire protection, security and life safety products, including intrusion security, anti-theft devices, breathing apparatus and access control and video management systems, for commercial, industrial, retail, residential, small business, institutional and governmental

customers worldwide, including products installed and serviced by the NA and ROW Installation & Services segments.

26. Since being separated from Tyco, ADT boasts of being a leading provider of electronic security, interactive home and business automation and related services. ADT claims to serve more than six million customers, including many small businesses, making it one of the most well-known brands in the security industry.

27. 3VR claims to enable organizations to be able to search mine and leverage video to bolster security and to identify and mitigate fraud. 3VR offers Video Management Software, Network Video Recorders and Video Analytics to serve its customers, including leading banks and retailers.

28. March Networks holds itself out as being a leading provider of intelligent IP video and business analytics designed to help organizations reduce losses, mitigate risks and improve security and operational efficiency.

29. Among the commercial customers to whom Tyco and/or ADT have sold video security systems have been a number of banks located throughout Texas as well as the rest of the country. For example, Tyco and/or ADT have installed video security systems at several thousand automated teller machine ("ATM") locations across the United States, including Texas and within the Eastern District of Texas. In addition, Tyco products sold under the brand name of American Dynamics have been sold to and installed at the Red River Army Depot in Texarkana, Texas. The video security systems sold, installed and serviced by Tyco and by ADT, including, but not limited to those manufactured by March Networks and 3VR, infringe both the '345 and the '346 patents.

**The Defendants Have Each Possessed Knowledge of the ‘345 and ‘346 Patents**

30. The Security Center has consistently marked its IRIS DVS and IRIS Total Vision products with the patent numbers for each patent since the ‘345 and ‘346 Patents were first issued. Further, on August 10, 2000, Trover’s predecessor, Dozier Financial Corporation, sent letters to ADT specifically informing it of the ‘345 and ‘346 Patents.

31. The ‘345 Patent has been cited as prior art with respect to 13 patent applications considered by the PTO. More significantly, the ‘346 Patent has been cited as prior art with respect to 68 patent applications. The ‘346 Patent was cited by the patent examiner as prior art to U.S. Patent No. 7,116,353 that was originally issued to ESCO Technologies, Inc. (the original manufacturer of the Comtrak line of products) and later assigned to ADT while ADT was still a wholly-owned subsidiary of Tyco.

32. 3VR gained knowledge of the ‘345 and ‘346 Patents through, among other things, an employee named Mike Markwood. Before becoming employed with 3VR, Markwood had been employed by the Security Center from July 2001 until November of 2006. In his employment with the Security Center, Markwood sold the IRIS systems to various customers. Markwood was familiar with the IRIS systems, the technologies covered by the ‘345 and ‘346 Patents, and the patents themselves. Upon information and belief, when he went to work for 3VR, Markwood disclosed the information he knew related to the ‘345 and ‘346 Patents, as well as other proprietary and confidential information to 3VR. (Indeed, Markwood even misappropriated an internet domain name related to the IRIS product line and that rightfully belonged to the Security Center. In 2011, the Security Center had to file an action with the World Intellectual Property Organization to force Markwood to surrender the domain name back to the Security Center.) 3VR also knew about the ‘345 and ‘346 Patents as a result of meetings

between representatives of 3VR and the Security Center during which the patents, and how they covered aspects of 3VR's products, were specifically discussed. One such meeting occurred in Las Vegas in March of 2007 during the ISC West trade show when Charles Dozier met with Steve Russell, then 3VR's president, to discuss the patents and their application to 3VR's products.

**COUNT ONE: PATENT INFRINGEMENT BY TYCO**

33. Trover and the Security Center reallege paragraphs 1 through 32 herein.

34. Defendant Tyco International and its subsidiary, Tyco Security, have infringed and continue to infringe the '345 and the '346 Patents by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, systems, products and devices, and/or by undertaking processes and methods embodying the patented inventions without authority. By way of example, and without limitation, Tyco sells within the United States digital video recorders, "hybrid" video recorders and network video recorders, including the Intellex Digital Video Management Systems (Intellex Ultra, Intellex DVMS, Intellex LT and Intellex IP. Tyco also sells within the United States IP cameras, including the Illustra 600 Series High-Definition IP Cameras, IP Mini-Dome Fixed Cameras, IP Box Cameras, and IP Pre-Packaged Cameras.

35. By manufacturing and selling these products, Tyco directly infringes the '345 and the '346 Patents. In addition, Tyco is actively, intentionally, and/or knowingly inducing or contributing to the infringement of the '345 and the '346 Patents by others.

36. There are no substantial uses of the systems, products and/or devices made, used, sold or offered for sale by Tyco that do not infringe the '345 and/or the '346 Patents.

37. Tyco's infringement of the '345 and the '346 Patents has been and continues to be willful.

38. Unless enjoined by this Court, Tyco will continue to infringe the '345 and the '346 Patents through its sales of these products.

**COUNT TWO: PATENT INFRINGEMENT BY ADT**

39. Trover and the Security Center reallege paragraphs 1 through 38 herein.

40. Defendant ADT has infringed and continues to infringe the '345 and the '346 Patents by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, systems, products and devices, and/or by undertaking processes and methods embodying the patented inventions without authority. ADT sells and has sold various infringing products manufactured and sold by Tyco. In addition, ADT also sells and has sold infringing products manufactured and sold by 3VR and March Networks. ADT has also sold infringing digital video recorders originally manufactured and sold under the name "Comtrak" and later sold these products under its own brand name.

41. By selling these products, ADT directly infringes the '345 and the '346 Patents. In addition, ADT is actively, intentionally, and/or knowingly inducing or contributing to the infringement of the '345 and the '346 Patents by others.

42. There are no substantial uses of the systems, products and/or devices made, used, sold or offered for sale by ADT that do not infringe the '345 and/or the '346 Patents.

43. ADT's infringement of the '345 and the '346 Patents has been and continues to be willful.

44. Unless enjoined by this Court, ADT will continue to infringe the '345 and the '346 Patents.

**COUNT THREE: PATENT INFRINGEMENT BY 3VR**

45. Trover and the Security Center reallege paragraphs 1 through 44 herein.

46. Defendant 3VR has infringed and continues to infringe the ‘345 and the ‘346 Patents by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, systems, products and devices, and/or by undertaking processes and methods embodying the patented inventions without authority. By way of example, and without limitation, 3VR manufactures and/or sells within the United States “hybrid” and network video reorders including the S-Series NVR & HVR, SRS-0435-0500 S Series Hybrid, P-Series NVR & HVR, WFP-1680-0500 Wells Fargo Custom P Series SmartRecorder, WFP-2480-1000 24-ch Hibrid, X-Series NVR, Server Class NVR & HVR, and the Enterprise Appliance.

47. By selling these products, 3VR directly infringes the ‘345 and the ‘346 Patents. In addition, 3VR is actively, intentionally, and/or knowingly inducing or contributing to the infringement of the ‘345 and the ‘346 Patents by others.

48. There are no substantial uses of the systems, products and/or devices made, used, sold or offered for sale by 3VR that do not infringe the ‘345 and/or the ‘346 Patents.

49. 3VR’s infringement of the ‘345 and the ‘346 Patents has been and continues to be willful.

50. Unless enjoined by this Court, 3VR will continue to infringe the ‘345 and the ‘346 Patents.

**COUNT FOUR: PATENT INFRINGEMENT BY MARCH NETWORKS**

51. Trover and the Security Center reallege paragraphs 1 through 50 herein.

52. Defendant March Networks has infringed and continues to infringe the ‘345 and the ‘346 Patents by making, using, selling, or offering for sale in the United States, including in

the Eastern District of Texas, systems, products and devices, and/or by undertaking processes and methods embodying the patented inventions without authority. By way of example, and without limitation, March Networks sells within the United States digital video recorders and "hybrid" network video recorders, including the Model 3108 Digital Video Server, the 7532 Hybrid NVR, 4332/4324 C Hybrid NVR, 4000 C Series NVR, 3204 DVR and 3108 DVR. March Networks also sells within the United States IP cameras, including the MegaPX MicroDome, MegaPX 5 MP, MegaPX WDR, MegaPX WDR MiniDome Camera, MegaPX WDR NanoDome, MegaPX HD Cameras, MDome HD PTZ Cameras, Infinova SD Indoor and Outdoor PTZ Cameras, and the Infinova SD Integrated PTZ Camera system.

53. By selling these products, March Networks directly infringes the '345 and the '346 Patents. In addition, March Networks is actively, intentionally, and/or knowingly inducing or contributing to the infringement of the '345 and the '346 Patents by others.

54. There are no substantial uses of the systems, products and/or devices made, used, sold or offered for sale by March Networks that do not infringe the '345 and/or the '346 Patents.

55. March Networks' infringement of the '345 and the '346 Patents has been and continues to be willful.

56. Unless enjoined by this Court, March Networks will continue to infringe the '345 and the '346 Patents.

**MISCELLANEOUS**

57. The Plaintiffs have satisfied all conditions precedent to filing this action, or any such conditions that have not been satisfied have been waived.

58. Through this pleading, the Plaintiffs have not elected any one remedy to which they may be entitled, separately or collectively, over any other remedy.

59. The Defendants have acted in concert with each one another, and as such are subject to joint and several liability.

**RELIEF**

Plaintiffs Trover Group and Security Center respectfully request the following relief:

A. That the Court issue a preliminary injunction against Tyco, ADT, 3VR, and March Networks, enjoining each from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the ‘345 and/or the ‘346 Patents during the pendency of this case;

B. That the Court issue a permanent injunction against Tyco, ADT, 3VR, March Networks from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions or designs claimed in the ‘345 and/or ‘346 Patents;

C. That the Court award damages to Plaintiffs Trover Group and Security Center to which each is entitled;

D. That the Court find that each defendant has willfully infringed the ‘345 and/or ‘346 Patents;

E. That the Court award to the Plaintiffs Trover Group and Security Center enhanced damages of up to three times the amount of their actual damages;

F. That the Court declare this to be an “exceptional” case under 35 U.S.C. § 285;

G. That the Court award pre-judgment and post-judgment interest on such damages at the highest rates allowed by law;

H. That the Court award Plaintiffs Trover Group and Security Center their costs and attorneys' fees incurred in this action; and

I. That the Court award such other and further relief, at law or in equity, as the Court deems just and proper.

A JURY TRIAL IS DEMANDED BY PLAINTIFFS TROVER GROUP, INC. AND SECURITY CENTER, INC.

Respectfully submitted,

By: */s/ Steven N. Williams*

**Steven N. Williams**
swilliams@mcdolewilliams.com
Texas Bar No. 21577625
**Kenneth P. Kula**
kkula@mcdolewilliams.com
Texas State Bar No. 24004947
**William Z. Duffy**
zduffy@mcdolewilliams.com
TX State Bar No. 24059697
**McDOLE WILLIAMS, PC**
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile
**ATTORNEYS FOR PLAINTIFFS**